By the Court, Bronson, J.
K we look at the contract in connection with the • facts as they existed at the time, there can be no great difficulty in understanding what the parties meant by this family arrangement. The plaintiff, being then about sixty-eight years old, transferred his little property to his two sons, Abraham and John, on their un *582 dertaking to pay his debts and provide for him for life; and on their further agreement to provide for the plaintiff’s two younger children, Jeremiah and Dorothy, until they should respectively attain the age of twenty-one years. The two sons were, of course, to have possession of the house and other property; and I think it quite evident that the plaintiff was to live with them. Such also must, I think, have been the intention in relation to the two younger children. Abraham and John were “to keep and maintain,” or, as it is afterwards expressed, “keep and provide” for them; and it was to be done “in a manner suitable for the said John Pool [the father] to provide for them in case he should live and had not conveyed away his property.” In short, the intention seems to have been, that Abraham and John should become the head of the family, and should stand in loco parentis to the two younger children. The property which the two sons received did not exceed four hundred and fifty dollars in value after the payment of debts, and it is impossible to suppose that they were to provide for the two children in any other way than as members of their family. Jeremiah remained with, and was provided for by the defendant, until he became old enough to render his services of some value, and then voluntarily went away and never returned. After he became seventeen years of age, it is but reasonable to suppose that he was able to earn something more than enough to procure board and clothing suited to his condition in life; and as the defendant provided for him when helpless, and lost the benefit of his services when they would have been valuable, it is the defendant, and not the plaintiff, who has reason to complain,
But should we wholly disregard the amount of consideration, I do not see how this recovery can stand. The plaintiff did not show that he had supported Jeremiah or incurred any expense whatever on his account since the making of the contract. Nor did it appear that Jeremiah had suffered in any way for the want of the defendant’s aid. And besides, it is fairly inferable from the case, that *583 the defendant was ready and willing to continue a suitable provision for Jeremiah—he was ready and willing to “ keep and maintain” him—and was only prevented from doing so by the wrongful act of the other party. It is impossible to maintain, that this contract bound the defendant to provide for Jeremiah although the latter should refuse to accept the provision; and yet such, in effect, is the case on which the plaintiff has recovered. If there, was the least color for saying that the defendant had not always made a suitable provision for Jeremiah before he went away, it is a sufficient answer that the case was not put upon that ground at the circuit.
I see no ground for the distinction which was taken on the trial between board and clothing. But that is not important, as the plaintiff was not entitled to recover either for the one or the other.
New trial granted.